-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LOUISE K. NOLLEY,

        -v-                                07-CV-0488S
                                         **ORDER**

THE COUNTY OF ERIE,
ROBERT KOCK, Superintendent at E.C.H.C.,
Mr. BENSON, Under Sheriff at E.C.H.C.,
J. ROBINSON, Deputy Sheriff at E.C.H.C.,
Mr. HIGGINS, Deputy Sheriff at E.C.H.C.,
Ms. REYNOLDS, Sergeant at E.C.H.C.,
T. VAUGHN, Captain at E.C.H.C.,
MARY QUINN BENTIGER, and JOHN AND JANE DOE(S),
all in their official and individual capacities,,

                Defendants.



---

Plaintiff, Louise Nolley, who at the time of the events alleged in the complaint and amended complaint was a pretrial detainee at the Erie County Holding Center ("ECHC"), filed the instant action pro se under 42 U.S.C. § 1983 alleging that the County of Erie, various supervisory and non-supervisory personnel at ECHC, and two "private" citizens violated her constitutional rights during the time she was confined at ECHC. (Docket No. 1). The Court granted plaintiff permission to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(e)(2)B)(ii), dismissed with prejudice the complaint's Second, Third, Fourth, Sixth, Ninth and Tenth Claims, dismissed without prejudice and with leave to file an amended complaint the complaint's Fifth, Seventh, Eighth and

Eleventh Claims, and allowed the First Claim to proceed as pled. (Docket No. 3).

Plaintiff has now filed an amended complaint that includes a "First Claim" that was also pled in the complaint (excessive force/assault) and allowed to proceed, a "Second/Third Claim" (denial of access to library/courts), which appears to combine the "Third" and "Fourth" Claims pled in the original complaint that the Court had dismissed with prejudice and without leave to amend, a "Sixth" Claim (illegal confinement), which should have been numerically titled the Fourth Claim, that is the same as the Sixth Claim pled in the original complaint and that was dismissed by the Court with prejudice and without leave to amend, and a "Seventh" Claim (inhumane conditions), which should have been numerically titled the Fifth Claim, that was originally pled as the Seventh Claim in the complaint and which plaintiff was granted permission to re-plead in order to name specific individuals/defendants whom she alleges were personally involved in the alleged unconstitutional conditions or allege a policy or custom of the County of Erie in order to hold the municipality liable for the alleged inhumane conditions at ECHC. Plaintiff's amended complaint does not re-plead the "Fifth" or "Eighth" Claims set forth in the original complaint, which she was given permission to do, nor does she re-plead the "Second," "Ninth" and "Tenth" Claims, which were dismissed with prejudice.

Because the Court has previously dismissed with prejudice what is now titled and pled in the amended complaint as the "Second/Third Claims" (denial of access to library/courts), and the "Sixth Claim" (illegal confinement), these claims must be dismissed with prejudice. Additionally, upon review of these claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), they again fail to state a claim upon which relief can be granted.

The Second/Third Claim, which again alleges, *inter alia*, that plaintiff was denied the use of the law library and denied "her right" to file criminal charges against Deputy Sheriff Robinson, who allegedly assaulted her at ECHC (First Claim), fails to allege, like the original complaint, that she was "hindered [in] h[er] efforts to pursue a legal claim[,]" Lewis v. Casey, 518 U.S. 343, 351 (1996); Docket No. 3, Order, at 5-8. Moreover, because plaintiff has no constitutional right to file criminal charges against another individual, this claim must be dismissed. Price v. Hasly, 2004 WL 1305744, at *1 (W.D.N.Y. June 8, 2004) (citing Leeke v. Timmerman, 454 U.S. 83 (1981); Linda R.S. v. Richard D., 410 U.S. 614 (1973); Docket No. 3, Order, at 9-10. For example, plaintiff alleges that the defendants "hindered her from preparing legal work," confiscated a motion and envelopes with postage, and was not allowed to use the law library. As noted in the Court's initial Order dismissing these claims with prejudice, plaintiff's claims fail to rise to the level of an actionable denial of access

to the courts claim. Accordingly, even if the Court were to consider the Second/Third Claims again, despite them being dismissed with prejudice initially, the Court would again dismiss them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The same is true with respect to the Sixth Claim (illegal confinement), which when liberally construed, the Court concludes alleges a conditions of confinement claim. Plaintiff alleges that she was locked in her cell after 9:00 pm., despite the inmate rule book which says differently, and that inmates are locked down during the deputies' one hour lunch break, one hour shift changes and one hour dinner breaks. Again, this claim must be dismissed with prejudice, as it was initially, because the allegations do not support a claim that there was a "deprivation [that] denied [plaintiff] the minimal civilized measure's of life's necessities" and that the defendants "had a sufficiently culpable state of mind amounting to at least deliberate indifference." Curry v. Kerik, 163 F.Supp.2d 232, 236 (S.D.N.Y.2001) (internal quotations and citation omitted).

As to the Seventh Claim (inhumane conditions), the Court finds that said claim may proceed at this time against the defendants named in said claim--Quinn, Higgins and Reynolds.[1] See, e.g.,

---

[1] While plaintiff refers to other ECHC employees in said claim, they are not named as defendants in the amended complaint. If plaintiff seeks to allege that these other ECHC employees were personally involved in the alleged constitutional violation she may move for leave to file a second amended complaint to name said employees as defendants. Any motion for leave to file a second amended complaint must include a proposed second amended complaint, which includes the claims being

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, (2d Cir. 2008).[2]

IT IS HEREBY ORDERED that the "First" and "Seventh" Claims set forth in the amended complaint may proceed at this time and the "Second/Third," and "Sixth" Claims are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants The County of Erie,[3] Robert Kock, Mr. Benson, Mary Quinn Rentinger and T. Vaughn as parties to this action;

FURTHER, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, this Order and the Order filed March 31, 2008 (Docket No. 3), upon defendants J. Robinson, Mr. Higgins, and Ms. Reynolds, in their individual capacities only, without

---

allowed to proceed ("First" and "Seventh") and the defendants against whom those claims are made (Robinson-First Claim; Quinn, Higgins and Reynolds-Seventh Claim), as well as the new defendants plaintiff may wish to name.

[2]"On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. As the Supreme Court has recently observed, 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' This is particularly so when the pro se plaintiff alleges that her civil rights have been violated. Accordingly, the 'dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.'" Sealed Plaintiff, 537 F.3d at 191) (citations omitted).

[3]The initial Order in this matter noted that plaintiff failed to state a claim against the County of Erie because it failed to allege a municipal policy or custom. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). The amended complaint did not rectify this failure and therefore the claims against the County of Erie and all the defendants in their "official capacities" are dismissed with prejudice. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the amended complaint.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: November 17, 2008
Rochester, New York